IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KELLY BROWN, #280148           *
        Plaintiff,
   v.                    *     CIVIL ACTION NO. JFM-11-3140

J. P. MORGAN, WARDEN, *et al*.   *
        Defendants.
                *****

## MEMORANDUM

<u>Procedural History</u>

This 42 U.S.C. § 1983 civil rights complaint, raising failure-to-protect claims, was received for filing on October 24, 2012. ECF No. 1. Plaintiff, an inmate at the Western Correctional Institution ("WCI") in Cumberland, Maryland, alleges that on August 2, 2011, he informed a correctional officer that he had received a threatening letter. He claims that he gave the letter to the officer, who was to initiate administrative segregation/protective custody procedures. The following day, plaintiff alleges he informed an unknown officer of the threat to his safety and was interviewed by the Unit Manager and defendant Daddysmen. Plaintiff states that he was instructed to fill out an incident report and did so, but was told that nothing could be done because he had not been physically harmed. ECF No. 1. He asserts that on August 3, 2011, he refused housing in order to be placed on disciplinary segregation to protect himself. Plaintiff claims that while defendants previously indicated that none of the aforementioned actions took place, they all may be verified by viewing the WCI security tapes. *Id*.

Finally, plaintiff alleges that on September 29, 2001, he was taken from WCI to the hospital "unresponsive" due to an overdose of "opiates." Plaintiff states that upon his return to WCI four days later, he was placed on temporary housing pending an investigation, but was not cited with an infraction for the opiate overdose. He contends that on October 9, 2011, an attempt was made to

place him back in general population. Plaintiff asserts that as of the preparation date of this complaint his safety concerns have not been addressed. ECF No. 1. He seeks declaratory and injunctive relief as well as compensatory and punitive damages.

In December of 2012, plaintiff filed two amended complaints. The first amended complaint reiterates his original claims regarding his receipt of a threatening letter and defendants' failure to take any action. He additionally claims he has been cited with infractions several times for refusing housing. ECF No. 11. The second amended complaint goes to plaintiff's medical records related to his stay at the Western Maryland Regional Medical Center ("WMRMC") in August of 2011, when he tested positive for opiates. ECF No. 13.

Pending Motions

Currently pending before the court are the served defendants' motion to dismiss or, in the alternative, for summary judgment and plaintiff's opposition thereto (ECF Nos. 24 & 27). The undersigned has examined the medical/base file records and declarations submitted by defendants and finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2011). For reasons to follow, defendants' motion, construed as a motion for summary judgment, shall be granted.

Standard of Review

Under revised Fed. R. Civ. P. 56(a):

A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

In *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for

trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

This court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted). Indeed, the court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

Analysis

Failure-to-Protect Claim

Defendants note that plaintiff was released from confinement on February 8, 2013. ECF No. 24, Ex. 30. Defendants affirm, under oath, they have no recollection of any contact with plaintiff with regard to claims that he was threatened. *Id*., Ex. 1. They maintain that from August 3, 2011 to October 9, 2012, plaintiff received 10 infractions for disobeying a direct order or for refusing housing (Rule 400 and 410 violations) and pled guilty to all adjustment infractions. *Id*., Exs. 2-11. Defendants observe that case management noted plaintiff's lack of cooperation with their efforts to address his allegations of receiving threats from gangs. They further note that plaintiff's own gang affiliation remained active and he was advised to cooperate with case management personnel. *Id*., Ex. 11.

On October 3, 2011, upon his return from the WMRMC, plaintiff was placed on administrative segregation pending an investigation into his "overdose on opiates." *Id.*, Exs. 12-14. Two weeks later, on October 19, 2011, case management recommended that plaintiff be returned to general population. *Id*., Ex. 14. Plaintiff, however, refused general population housing on October 21, 2011, and was cited with a 45-day term on disciplinary segregation. *Id*., Ex. 3.

On November 13, 2012, plaintiff was assigned to administrative segregation because he reported to the Internal Investigative Unit ("IIU") that his safety was in danger. The investigation was inconclusive. *Id*., Ex. 15. Three days later, a case management review was conducted and noted that plaintiff's claim that he was in danger was ongoing. Plaintiff remained on administrative segregation through January 11, 2013. *Id*., Exs. 16-17.

Defendants claim that there is no evidence that plaintiff was in danger while confined at WCI. They state that he was released from confinement and never experienced an attack from another inmate while at WCI.

In citing to Eighth Amendment case law in his opposition, plaintiff seemingly argues that defendants were deliberately indifferent to his claims as they ignored his pleas not to be placed in the same area as inmates threatening to harm him. ECF No. 27. He claims that he need not wait until he was assaulted to seek relief. *Id*., p. 2.

Deliberate indifference in the context of a prisoner failure-to-protect claim requires that a defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302-303 (4th Cir. 2004); *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). Under Fourth Circuit law, liability under the *Farmer* standard requires two showings. First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the officers *should have* recognized it; they actually must have perceived the risk. *See Rich v. Bruce,* 129 F.3d 336, 340 n. 2 (4th Cir. 1997). Second, the evidence must show that the official in question subjectively recognized that his actions were "inappropriate in light of that risk." *Id*. As with the subjective awareness element, it is not enough that the official *should have* recognized that his actions were inappropriate; the official actually *must have* recognized that his actions were insufficient. *See Brown v. Harris,* 240 F.3d 383, 390-91 (4th Cir. 2001). Further, to state a claim for damages, the inmate must show a serious

physical injury. *See De'Lonta v. Angelone*, 330 F. 3d 630, 634 (4th Cir. 2003); *see also Babcock v. White*, 102 F.3d 267, 272-73 (7th Cir. 1996).

Under 42 U.S.C. § 1983, an actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). It is possible for events subsequent to the filing of the complaint to make an injunctive relief request moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). This is so even though such a case presented a justiciable controversy at an earlier point in time and an intervening event rendered the controversy moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained…" *See Lewis v. Continental Bank* Corp, 494 U.S. 472, 480 (1990).

To the extent that plaintiff seeks injunctive relief, the claim for relief was mooted when he was released from confinement. Further, his claims for damages are rendered a nullity due to the fact that he suffered no physical injuries and, indeed, was never assaulted by a fellow inmate. Plaintiff has been called upon to rebut defendants' exhibits to bring forth specific, verified evidence showing that defendants were placed on actual notice of a threat to his safety and that he experienced harm. He has failed to do so.

### Medical Care Claims

To the extent that plaintiff's amended complaint may be construed as a claim of deliberate indifference to his mental health condition when he suffered an overdose, the court finds no Eighth Amendment violation. An inmate has an Eighth Amendment right to be free from deliberate indifference to serious psychiatric needs, *see Comstock v. McCray*, 273 F.3d 693, 702 (6th Cir. 2001), and there is no underlying distinction between the right to medical care for physical ills and its

6

psychological and psychiatric counterpart. *See Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977). An inmate is entitled to such treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id*. The *Bowring* court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id*. at 48. Even if the inmate shows that he was denied psychological or psychiatric treatment, he must also demonstrate that the failure or refusal to provide treatment constituted deliberate indifference on behalf of medical personnel.

Plaintiff, however, has failed to show that his psychiatric needs were ignored. The record shows that Plaintiff was routinely seen by psychological and psychiatric personnel for counseling and was prescribed the antidepressants Prozac, Trazodone, and Lopressor. ECF No. 24, Ex. 18. On September 29, 2011, he was found unresponsive and was taken to the WMRMC for an overdose. While hospital personnel found that plaintiff's urine tested positive for opiates, plaintiff denied taking such drugs and reported overdosing on Elavil, Baclofen, and Prozac. ECF No. 24, Ex. 18. In any event, plaintiff showed improvement when Narcan[1] was administered and was released to the WCI infirmary where he remained for care and observation until October 2, 2011. *Id*. He was continued on Prozac for depression. By February of 2012, he was found to be euthymic (normal mood), and had Nortryptyline (a tricyclic antidepressant) added to his regimen in January of 2013. No deliberate indifference has been demonstrated.

---

[1] Narcan is a competitive antagonist drug used in the management and reversal of overdoses caused by narcotic and synthetic narcotic agents. *See* www.reference.medscape.com/drug/narcan-naloxone.

For the aforementioned reasons, the court finds no Eighth Amendment violations. Defendants' motion,[2] construed as a motion for summary judgment, shall be granted. A separate Order follows.

Date: August 6, 2013.  \_\_/s/_____
J. Frederick Motz
United States District Judge

---

[2] Service of process was not effected on unnamed defendants "Unit Manager" and "Unknown Officers." In light of the ruling entered by the court, the complaint against these parties shall be dismissed.